UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THEODORE MILES | : |
| Appellant, | : Civil Action No. 06 -1275-CKK |
| | : (Bankr. Adv. Proc. No. 04-1128) |
| v. | : |
| INTERNAL REVENUE SERVICE | : |
| Appellee. | : |

## APPELLANT'S BRIEF

Janet M. Nesse No. 358514
Stinson Morrison Hecker LLP
1150 18th Street, NW, Suite 800
Washington, D.C. 20036
(202) 785-9100

Counsel for Appellant

# I. TABLE OF CONTENTS

                                                                                                                                Page

I.      TABLE OF CONTENTS…………………………………………………………2

II.     TABLE OF AUTHORITIES………………………………………………………...3

III.    STATEMENT OF JURISDICTION..…………….…………………………………4

IV.    STATEMENT OF ISSUES PRESENTED AND STANDARD OF REVIEW…………..4

V.     STATEMENT OF THE CASE AND STATEMENT OF FACTS……………………….5

VI.    ARGUMENT…………………………………………………………………..7

        A.     THE BANKRUPTCY COURT ERRED, AS A MATTER OF LAW, IN
              ALLOCATING THE BURDEN OF PROOF TO THE DEBTOR.

        B.     THE FINDING OF THE BANKRUPTCY COURT, THAT THE DEBTOR
              FAILED TO SHOW REASONABLE CAUSE FOR ABATEMENT OF
              PENALTIES, WAS CLEARLY ERRONEOUS.

        C.     THE INTERNAL REVENUE SERVICE FAILED TO FOLLOW
              ITS OWN PROCEDURES.

VII.   CONCLUSION………………………………………………………………..10

## II.     TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page**

*In re St. Charles Preservation Investors, Ltd.*, 112 B.R. 469 (Bankr. D.C. 1990)………………..4

*Aboudaram v. DeGroote*, 2006 U.S. Dist. LEXIS 26161 (D.D.C.)……………………….......4

*Xenakis v. United States,* 281 B.R. 585 (W.D. Pa. 2001)………………………………………….…4

*Carlson v. Internal Revenue Service*, 198 B.R. 949 (Bankr. N.D. Ill. 1996)…………………...4, 8

*United States v. Boyle*, 469 U.S. 241, 245, 83 L. Ed. 2d 622, 105 S. Ct. 687 (1985)……………..8

*In re Greenspan*, 2002 Bankr. LEXIS 1507 (Bankr. D. Md.)……………………………………….7, 8

*Cebollero v. Commissioner*, 967 F.2d 986, 990 (4th Cir. 1992) …………………………………….7

*Higginbotham v. United States*, 556 F.2d 1173, 1175 (4th Cir. 1977)…………………………7,8

*Oxford Capital Corp., v. U.S.* 211 F.3d 280 (5th Cir. 2000)…….………………………………..9

**Statutes**

28 U.S.C.  § 158(a)(1)…………………………………………………………………………….4

26 U.S.C. § 6651(a)(1) and (2)…………………………………………………………………….8


**Regulations**

Treas. Reg. § 301.6651-1………………………………………………………………………….8

**III.    STATEMENT OF JURISDICTION**

Appellant Theodore Miles ("Appellant" or "Debtor"), the Debtor in Bankruptcy Case No. 04-01128, appeals from the Bankruptcy Court's Order of May 25, 2006, allowing the Proof of Claim filed by the Internal Revenue Service ("Appellee" or "IRS"), and denying the Debtor's Objection to the Proof of Claim Prepared by the Internal Revenue Service.  This Court has jurisdiction to hear appeals from the bankruptcy court pursuant to 28 U.S.C. § 158(a)(1).   Orders in bankruptcy cases may be immediately appealed as final orders as a matter of right if they dispose of discrete disputes within the larger case. *In re St. Charles Preservation Investors, Ltd.*, 112 B.R. 469, 471 (Bankr. D.C. 1990).

**IV.    STATEMENT OF ISSUES PRESENTED AND STANDARD OF REVIEW**

A.    ISSUES PRESENTED

Appellant presents the following issues on appeal:

1.    Whether the Bankruptcy Court erred as a matter of law in allocating the burden of proof to the Debtor.

2.    Whether the Bankruptcy Court's decision, that the Debtor failed to prove reasonable cause for the abatement of penalties was clearly erroneous.

3.    Whether the Bankruptcy Court erred in failing to require the agency to follow its own procedures.

B.    STANDARD OF REVIEW

On appeal, federal district courts review *de novo* questions of law determined by bankruptcy courts. *Aboudaram v. DeGroote*, 2006 U.S. Dist. LEXIS 26161 (D.D.C.).  The allocation of the burden of proof is a question of law subject to *de novo* review.  *See e.g., Xenakis v. United States*, 281 B.R. 585, 590 (W.D. Pa. 2001).  The bankruptcy court's findings of

fact are reviewed under the clearly erroneous standard. *Carlson v. Internal Revenue Service*, 198 B.R. 949 (Bankr. N.D. Ill. 1996).

## V. STATEMENT OF THE CASE AND STATEMENT OF FACTS

### A. STATEMENT OF THE CASE

This case arises out of Appellant's filing of a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code, on July 16, 2004. On October 25, 2004, Appellee filed a Proof of Claim seeking payment of $73,783.44, for taxes, interest, and penalties. After the Debtor's request for an abatement was rejected by Appellee without a written response, the Debtor filed Debtor's Objection to the United States of America's Proof of Claim Prepared by the Internal Revenue Service Pursuant to Federal Rule of Bankruptcy Procedure 3003.

In the Bankruptcy Court, Appellant sought an abatement of penalties based upon reasonable cause for not having filed his returns in a timely fashion. Following a hearing, the Bankruptcy Court ruled that Appellant bore the burden of proof and that Appellant had not carried his burden of proving (a) that his failure to file the returns in a timely fashion was due to excusable neglect or that there were grounds for abating the penalties and (b) that there was error in the assessment. On May 25, 2006, the Bankruptcy Court issued an Order allowing Appellee's Proof of Claim and denying Appellant's Objection to Proof of Claim. Appellant now seeks review of that Order.

### B. STATEMENT OF FACTS

1.  At all times relevant to this Appeal, Appellant was employed as an asbestos worker. He was a member of a union and worked throughout the country for various employers. Appellant's Designation of Record ("D.R.") 7, at 4.

2.	During the pertinent period, Appellant had up to 20 different employers per year. Each employer withheld taxes and provided Appellant with W-2 forms. D.R. 7 at 5.

2.	Prior to 1988, Appellant always filed his federal tax returns and received a refund from the IRS. D.R. 7 at 6.

3.	In 1989, Appellant's niece innocently discarded all of his W-2 forms for 1988. D.R. 7 at 7. Appellant requested duplicates from the IRS but was told that "they didn't have those records and even if they did they wouldn't give them [to him]." D.R. 7 at 8. Appellant was unable to obtain duplicates from his various employers, who were located throughout the country. As a result, Appellant did not file a return for tax year 1988. Nonetheless, Appellant believed that, as in previous years, all taxes had been paid via withholding. D.R. 7 at 9.

4.	According to Appellant, the IRS also informed him that he could not file returns for subsequent years until the 1988 return had been filed. D.R. 7. As a result, Appellant did not file returns for 1989, 1990, 1991, 1992 and 1993.

5.	For each of those years, the IRS prepared returns on Appellant's behalf and each of those returns showed a deficiency because the IRS did not take into account any of the deductions Appellant had previously claimed. D.R. 10.

6.	On July 16, 2004, Appellant filed a voluntary petition for relief under Chapter 13 of the Unites States Bankruptcy Court. On October 25, 2004, Appellee filed a Proof of Claim seeking payment of $73,783.44. D.R. 1. Of this amount, $17,721.00 represented income tax allegedly owed by Appellant the Debtor for the tax years 1988, 1989, 1990, 1991, 1992 and 1993. In addition, $5,632.40 represented income tax allegedly owed by Appellant for the 1999 and 2000 tax years. The remainder of the claim represented interest in the amount of $31,954.20 and penalties in the amount of $ 18,475.48.

7.   Appellant then requested an abatement of the penalties, which was rejected by Appellee, after which he filed Debtor's Objection to the United States of America's Proof of Claim Prepared by the Internal Revenue Service Pursuant to Federal Rule of Bankruptcy Procedure 3003.  D.R. 3.

## VI.   ARGUMENT

A.   THE BANKRUPTCY COURT ERRED, AS A MATTER OF LAW, IN ALLOCATING THE BURDEN OF PROOF TO THE DEBTOR.

In its ruling, the Bankruptcy Court announced that Appellant had failed to carry his burden of showing that there was "error in the assessment."  The Bankruptcy Court did not, however, explain how it had arrived its decision that Appellant had that burden.  In fact, in the context of a bankruptcy court objection to proof of claim filed by a taxing authority, the allocation of the burden of proof is not a simple matter.  As demonstrated, in an analogous case, *In re Greenspan*, 2002 Bankr. LEXIS 1507 (Bankr. D. Md.), the Court "must look at the burden of proof placed on both parties before a determination of allowability can be made." Id.

In *Greenspan*, the Court first explained that pursuant to Fed. R. Bankr. P. 3001(f), a proof of claim constitutes *prima facie* evidence of the validity and amount of the claim.  An objecting party can overcome the prima facie validity of the claim by demonstrating a defense to one or more of the elements of the cause of action asserted in the claim.

As in this situation, however, the complexity is increased by the fact that the proof of claim involves a tax deficiency.  The first issue is the arbitrariness of the IRS determination, upon which the taxpayer bears the burden of persuasion by a preponderance of the evidence. *Cebollero v. Commissioner*, 967 F.2d 986, 990 (4th Cir. 1992).  If the taxpayer meets this burden and proves that the determination is arbitrary, then the presumption that the deficiency is correct vanishes and the Government, not the taxpayer, must prove how much the taxpayer actually

owes. *See, Higginbotham v. United States*, 556 F.2d 1173, 1175 (4th Cir. 1977). The *Greenspan* Court concluded that the Debtor bore the burden of proving by a preponderance of the evidence that the tax assessments were arbitrary and excessive. Upon presenting evidence sufficient to meet that burden, the IRS was required to prove that its assessments were correct.

In *Greenspan*, the taxpayer/debtor testified that he was not required to file a tax return because he had no income. The Court then determined that the debtor/taxpayer's testimony was sufficiently credible to place the burden on the IRS to prove that its assessment was correct. Then, the Court held that the computer generated transcript presented by the IRS was insufficient to prove the existence and accuracy of the tax deficiency.

Had the Court undertaken a similar analysis in this case, it would have determined that IRS had the burden of proving the deficiency upon which the penalty was based. It might then have found that the computer generated evidence submitted by the IRS was insufficient to meet that burden.

B.   THE FINDING OF THE BANKRUPTCY COURT, THAT THE DEBTOR FAILED TO SHOW REASONABLE CAUSE FOR ABATEMENT OF PENALTIES, WAS CLEARLY ERRONEOUS.

Pursuant to 26 U.S.C. § 6651(a)(1) and (2), a penalty may be imposed in the case of failure to file a required return or to pay the amount shown on any tax return on or before the date proscribed for payment of such tax unless it is shown that such failure is due to reasonable cause and not due to willful neglect. The term "willful neglect" may be read as meaning a conscious, intentional failure or reckless indifference. *United States v. Boyle*, 469 U.S. 241, 245, 83 L. Ed. 2d 622, 105 S. Ct. 687 (1985). According to Treas. Reg. § 301.6651-1, cited in *In re Carlson,* 198 B.R. 949 at 954, "failure to pay will be considered due to reasonable cause to the extent that the taxpayer has made a satisfactory showing that he exercised ordinary business

prudence in providing for payment of his tax liability and was nevertheless either unable to pay the tax or would suffer an undue hardship if he paid on the due date."

In this case, the unrefuted testimony was that Appellant was unable to file his return but believed that, as in the past, sufficient taxes had been withheld from his wages. Appellant further testified that, in computing his taxes, the IRS had failed to account for certain deductions to which he was entitled. The IRS, on the other hand, produced no evidence of conscious, intentional failure, or willful indifference. The lack of evidence of willful neglect, when coupled with the evidence concerning the destruction of the W-2 forms, the taxpayer's reasonable (and possibly correct) belief that he owed no taxes, and his unrefuted testimony regarding misleading advice from the IRS, render the bankruptcy Court's finding that Appellant failed to show reasonable cause, clearly erroneous.

C.   THE INTERNAL REVENUE SERVICE FAILED TO FOLLOW ITS
     OWN PROCEDURES.

The testimony of Pam Beam was that in the ordinary course a written response to a request for abatement is issued. None was issued here, indicating that procedures were not followed. No reason for the lack of written denial was given. This lack of written response with a basis for denial constitutes a denial of due process and is grounds for setting aside the agency's action. The Fifth Circuit recognized in *Oxford Capital Corp.* v. U.S. 211 F.3d 280, 285 (5th Cir. 2000) that the IRS's failure to follow to follow an internal procedure can be the basis for a cause of action if the failure to follow a procedure results in a constitutional violation. Because the IRS's failure to follow its own procedure resulted in a denial of Mr. Mile's due process, reversal of the Bankruptcy Court order is proper.

## VII.   CONCLUSION

For all of the foregoing reasons, Appellant respectfully requests that this Court reverse the Bankruptcy Court's Order allowing the Proof of Claim filed by Appellee, the Internal Revenue Service and denying the Objection to Proof of Claim filed by Appellant Theodore Miles.

Dated:  August 17, 2006

                                            Respectfully submitted,

                                            /s/ Janet Nesse
                                            Janet Nesse, 358514
                                            STINSON MORRISON HECKER LLP
                                            1150 - 18th Street, N.W.
                                            Suite 800
                                            Washington, DC 20036-3816
                                            Telephone:  202-785-9100

                                            Attorneys for Trustee

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was mailed via first class mail, postage prepaid, this 17th day of August 2006 upon the following:

Office of the U.S. Trustee
Suite 210
115 South Union Street
Alexandria, VA 22314

William J. Gregg, Esq.
Special Assistant United States Attorney
SBSE Associate Area Counsel
Internal Revenue Service
P.O. Box 44085
Washington, D.C. 20026

        /s/ Janet Nesse
        Janet Nesse