UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THEODORE MILES

   Appellant,

     v.

INTERNAL REVENUE SERVICE

   Appellee.

Civil Action No. 06-1275 (CKK)

**MEMORANDUM OPINION**
(March 15, 2007)

    Presently before the Court is an appeal from a denial by the United States Bankruptcy Court for the District of Columbia of an Objection made by Debtor-Appellant, Theodore Miles, to a Proof of Claim filed by Appellee-Creditor, the Internal Revenue Service ("IRS"). Based on a searching review of the filings before the Court on appeal, the relevant statutes, regulations, and case law, and the entire record before the Court on appeal, the Court shall affirm the Bankruptcy Court's May 25, 2006 Order denying Miles' Objection to the IRS' Proof of Claim.

**I: BACKGROUND**

    Debtor-Appellant, Theodore Miles, was employed as an asbestos worker during the years relevant to this appeal. Miles Br. at 5; IRS Br. at 3. His work involved short-term appointments across the United States, and he sometimes worked in up to twenty different jobs a year. Miles Br. at 6; IRS Br. at 3. Prior to 1988, Miles filed annual federal income tax returns. Miles Br. at 6; IRS Br. at 3 n.2. However, in 1988, Miles' niece allegedly threw away his 1988 W-2 forms while cleaning. Miles Br. at 6. Miles asserts that he requested duplicate W-2 forms from the IRS but was told that the IRS would not provide duplicate forms, *id.*, and that he was unable to

obtain duplicate forms from his employers because he could not remember the different contractors he worked for that year, IRS Br. at 4. (citing Tr. of 5/16/06 Hrg. at 8:18-25).  As a result, Miles did not file an income tax return for tax year 1988.  Miles Br. at 6; IRS Br. at 3. Miles also did not file federal income tax returns for tax years 1989 through 2002, allegedly because he was informed by the IRS that he could not file returns for subsequent years until he filed his return for tax year 1988.  Miles Br. at 6.  Miles claims that he was unconcerned about accumulating a federal tax debt because he had always been due a refund in the past and believed that all taxes he owed had been paid via withholding. *Id.*

On July 16, 2004, Miles filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code.  *Id.*  On October 25, 2004, the IRS filed a Proof of Claim against Miles for $73,783.44, representing Miles' unpaid pre-petition tax liabilities.  *See id.*; IRS Br. at 1; Miles Obj., Ex. A.  The IRS assessed $17,721.36 in tax liabilities for the years 1988 to 1993, and tax liabilities of $5,632.40 for the years 1999 and 2000, as well as interest of $31,954.20 and penalties of $18,475.48.  Miles Obj., Ex. A.  Of this total debt, the IRS determined that $68,151.04 was secured and $5,632.40 was unsecured.  *Id.*  The IRS filed an amended Proof of Claim on February 7, 2005, which did not alter the total amount of assessed tax liabilities, but adjusted the amounts assigned to the secured claim ($36,062.81) and unsecured claim ($37,720.63).  IRS Br. at 1.

Miles asserts that at some unspecified time, he requested that the IRS abate the assessed penalties.  Miles Br. at 7.  Miles does not indicate the form of this request; however, the IRS interpreted it as an "informal request" for abatement.  IRS Br. at 6-6.  The IRS denied Miles' informal request for abatement.  Tr. of 4/25/06 Hrg. at 18:2-8, 19:4-6.  On October 7, 2005,

Miles filed an Objection to the IRS' Proof of Claim, pursuant to Federal Rule of Bankruptcy Procedure 3003.  Miles Obj.; Fed. R. Bankr. P. 3003.  Miles' Objection asserts that the "claimed security interest may not be properly perfected," that "applicable statutes of limitations prevent the [IRS] from collecting the Claim amount," and that he "objects to the claim because the Claim amount is improper."  Miles' Obj. ¶ 4–6.  Miles' Objection requests that the Bankruptcy Court order the IRS to withdraw its Proof of Claim, sustain Miles' Objection, and grant "such other and further relief as [the Bankruptcy] Court may deem just, equitable, and proper."  *Id.* ¶ 8.

The IRS filed a Response to Miles' Objection on October 28, 2005, asserting that "(1) the secured claims were based upon a properly recorded notice of federal tax lien; (2) debtor did not file tax returns for tax years 1988 through 1993 thus the Service calculated Miles' tax liabilities based upon third-party payer information and made assessments based upon defaulted statutory notices of deficiency; (3) debtor did not file tax returns for tax years 1999 and 2000 thus the claim is based upon estimates; and (4) the 10-year statute of limitations on collections has not yet lapsed."  IRS Br. at 2; IRS Resp. to Miles' Obj.

Bankruptcy Judge S. Martin Teel, Jr. held two hearings on Miles' Objection – on April 25, 2006 and May 16, 2006.  Tr. of 4/25/06 Hrg.; Tr. of 5/16/06 Hrg.  Miles was not present at the April 25, 2006 hearing but was represented by counsel.  Tr. of 4/25/06 Hrg. at 3:13-4:16. During that hearing, the Bankruptcy Court heard testimony from the IRS' witness, the Bankruptcy Specialist who prepared the IRS' Proof of Claim.  Tr. of 4/25/06 Hrg. at 5:3-25. After the Bankruptcy Specialist's testimony, counsel for the IRS attempted to narrow the issues before the Bankruptcy Court by stating that, based on the IRS' evidence, the tax and interest assessments included in the IRS' Proof of Claim were not at issue.  *Id.* at 30:16-31:3.  Miles'

counsel responded that she was "generally in agreement" with IRS counsel's statement, and that Miles could not readily challenge the IRS' tax assessment because he had been unable to locate his W-2 forms from the tax years included in the IRS' Proof of Claim. *Id.* at 31:4-11. Thereafter, Miles' counsel asserted that the focus of Miles' Objection "not why the interest and the taxes would not be due, but why the penalties should be reviewed by the [IRS] and should perhaps have been waived by the [IRS] under the circumstances." *Id.* at 35:2-9. Miles' counsel requested that Miles be allowed to testify in this respect, and the parties agreed to continue the hearing so that Miles could testify to "the only remaining issue" – whether Miles could demonstrate reasonable cause for his failure to file income tax returns between 1988 and 2002. *Id.* at 37:9-38:19. At the second hearing, on May 16, 2006, Miles testified regarding the circumstances that led to his failure to file timely tax returns. Tr. of 5/16/06 Hrg.

At the conclusion of the May 16, 2006, Bankruptcy Judge Teel presented conclusions of fact and orally overruled Miles' objection. *Id.* at 20:25. On May 25, 2006, the Bankruptcy Court issued an Order denying Miles' Objection to the IRS' Proof of Claim and allowing the IRS' amended claim filed on February 7, 2005. Order, *In re Theodore Miles*, Bankruptcy No. 04-01128 (Bankr. D.C. May 25, 2006) [Docket #159]. On June 1, 2006, Miles filed a Notice of Appeal of the Bankruptcy Court's May 25, 2006 Order. Miles Notice of Appeal. The Bankruptcy Court's denial of Miles' Objection to the IRS's Proof of Claim is the sole matter before this Court on appeal.

## II: LEGAL STANDARD

United States District Courts have jurisdiction over appeals of bankruptcy court decisions. 28 U.S.C. § 158(a). Orders in bankruptcy cases may be immediately appealed as final

orders if they dispose of discrete disputes within the larger case. *In re St. Charles Preservation Investors, Ltd.*, 112 B.R. 469, 471 (D.D.C. 1990). On appeal from a bankruptcy court, a district court "may affirm, modify, or reverse a bankruptcy judge's judgement, order, or decree, or remand with instruction for further proceedings. Findings of fact . . . shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of witnesses." Fed. R. Bankr. P. 8013; *see also In re Ford Johnson* 236 B.R.510, 518 (D.D.C. 1999). In contrast, a district court reviews questions of law *de novo* on appeal. *In re WPG, Inc.*, 282 B.R. 66, 68 (D.D.C. 2002) (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S. Ct. 2447, 110 L. Ed. 2d 9359 (1990)).

  The burden of proof is on the party that seeks to reverse the bankruptcy court's holding, and that "party must show that the court's holding was clearly erroneous as to the assessment of the facts . . . and not simply that another conclusion could have been reached." *Ford Johnson*, 236 B.R. at 218. In adversary proceedings, Federal Rule of Bankruptcy Procedure 7052 provides that the district court's review parallels review under Federal Rule of Civil Procedure 52(a). Fed. R. Bankr. P. 7052; Fed. R. Civ. P. 52(a). Thus, an appellate court applying the "clearly erroneous" standard is not entitled to "reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently. The reviewing court oversteps the bounds of its duty . . . if it undertakes to duplicate the role of the lower court." *Anderson v. City of Bessemer, N.C.*, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511, 84 L. Ed. 2d 518 (1985). As such, a finding of fact is clearly erroneous "when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ford Johnson*, 236 B.R. at 518. (quoting *United States v. U.S. Gypsum*

*Co.*, 333 U.S. 364, 395, 68 S. Ct. 525, 542, 92 L. Ed. 746 (1948)).

### III:  DISCUSSION

Miles presents three arguments on appeal: 1) that the Bankruptcy Court erred as a matter of law in placing the burden of proof on Miles; 2) that the Bankruptcy Court erred in deciding that Miles had failed to prove reasonable cause for the abatement of the IRS's penalty charges; and 3) that the Bankruptcy Court erred in failing to require the IRS to follow its own procedures. Miles Br. at 4.  The Court shall address each of these arguments in turn.

*A.     The Bankruptcy Court Correctly Determined that Miles Bore the Burden of Proof*

Miles first argues that the Bankruptcy Court erred as a matter of law in determining that Miles bore the burden of proof to show that there was an "error in the assessment." *Id.* at 7.  The assignment of burden of proof is a question of law and is therefore addressed by this Court *de novo*. *In re WPG, Inc.*, 282 B.R. at 68.  The Supreme Court has recognized that the burden of proof qualifies as a "'substantive' aspect of a claim," and that "one who asserts a claim is entitled to the burden of proof that normally comes with it." *Raleigh v. Illinois Dept. of Revenue*, 530 U.S. 15, 20-21, 120 S. Ct. 1951, 147 L. Ed. 2d 13 (2000).  Here, the IRS's Proof of Claim is *prima facie* evidence of Miles' unpaid federal tax liabilities, and is allowed unless objected to. 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3003(b)(1).  Indeed, with respect to tax claims, "[u]nquestionably the burden of proof is on the taxpayer to show that the Commissioner's determination is invalid." *Helvering v. Taylor*, 293 U.S. 507, 515, 55 S. Ct. 287, 79 L. Ed. 623 (1935).  The Supreme Court has further noted that the assignment of the burden of proof to the taxpayer "reflects several compelling rationales: the vital interest of the government in acquiring

its lifeblood revenue . . . the taxpayer's readier access to the relevant information . . . and the importance of encouraging voluntary compliance by giving taxpayers incentives to self-report and to keep adequate records in case of dispute." *Raleigh*, 530 U.S. at 20, 120 S. Ct. 1951 (internal citations omitted).

Miles points to *In re Greenspan* as evidence that burden of proof assignment is "not a simple matter." Miles Br. at 7 (citing *In re Greenspan*, No. 01-24731-DK, 2002 WL 31934321 (D.Md. Nov. 27, 2002). Indeed, *Greenspan* suggests that the burden of persuasion may shift to the IRS to demonstrate the amount and existence of a deficiency; however, this burden-shifting occurs only after the debtor has carried "his own burden and persuad[ed] the court by a preponderance of the evidence that the assessment is arbitrary and excessive." *Greenspan*, 2002 WL 31934321 at * 4 (citing *Cebollero v. Commissioner*, 967 F.2d 986, 991 (4th Cir. 1992). Here, as the IRS correctly argues, *Greenspan* is inapposite because, although Miles' Objection stated that the "Claim amount is improper," Miles Obj. ¶ 6, Miles made no effort to challenge the IRS' assessment of taxes or interest during the hearings on his Objection. Instead, Miles' counsel conceded at the end of the April 25, 2006 hearing that Miles could not challenge the amount of the tax assessment because he did not have his W-2 forms for the years in question, Tr. of 4/25/06 Hrg. at 31:6-11, and that the focus of his Objection was "not why the interest and the taxes would not be due, but why the penalties . . . should perhaps have been waived by the [IRS] under the circumstances." *Id.* at 35:2-9. Miles' counsel at the May 16, 2006 hearing likewise made no effort to challenge the IRS' tax assessment in his closing argument. Tr. of 5/16/06 Hrg. at 16:13-17:22.

The Bankruptcy Court thus correctly observed in its oral ruling that Miles "has not

challenged the tax itself. That has gone unquestioned," *id.* at 20:5-9, and that Miles had not presented the Bankruptcy Court with any "way of determining that [Miles] in fact had no tax liability beyond what he paid through withholdings for those years," *id.* at 20:9-16. As Miles failed to produce any evidence from which the Bankruptcy Court could conclude that the IRS' assessment was "arbitrary and excessive," even *Greenspan* would not suggest that the Bankruptcy Court erred in determining that Miles bore the burden of persuasion on his Objection. *Greenspan*, 2002 WL 31934321 at * 4.

Moreover, as Miles' counsel framed Miles' Objection during the hearings before the Bankruptcy Court, the issue before the Bankruptcy Court was whether Miles was entitled to an abatement of the penalties assessed by the IRS. On that, the law is clear that failure to file a timely income tax return results in interest charges and additional penalties "unless it is shown that such failure is due to reasonable cause and not due to willful neglect." 26 U.S.C. § 6651(a)(1). As the Supreme Court has stated, "[t]o escape the penalty, the taxpayer bears the heavy burden of proving both (1) that the failure did not result from 'willful neglect,' and (2) that the failure was 'due to reasonable cause.'" *United States v. Boyle*, 469 U.S. 241, 245, 105 S. Ct. 687, 83 L. Ed 2d 622 (1985). As a result, the Bankruptcy Court did not err as a matter of law in determining that Miles bore the burden of proof on demonstrating an entitlement to a penalty abatement.

> B.  *The Bankruptcy Court's Determination that Miles Failed to Show Reasonable Cause is not Clearly Erroneous*

Miles next asserts that the Bankruptcy Court erred in determining that Miles failed to show reasonable cause for an abatement of the penalties assessed as a result of his failure to file

8

federal income tax returns for tax years 1988 through 2002.  As noted above, penalties may be imposed for failure to file required returns "unless it is shown that such failure is due to reasonable cause and not due to willful neglect."  26 U.S.C. § 6651(a)(1).  "Willful neglect" is defined as "a conscious, intentional failure or reckless indifference."  *Boyle*, 469 U.S. at 245, 105 S. Ct. 687.  The IRS does not forcefully argue that Miles' failure to file his required returns was due to "willful neglect," Miles Br. at 9; however, *Boyle* makes clear that to escape an assessed penalty, the taxpayer must demonstrate both a lack of "willful neglect" *and* "that the failure was due to reasonable cause."  *Boyle*, 469 U.S. at 245, 105 S. Ct. 687.

Pursuant to 26 C.F.R. § 301.6651-1(c), failure to pay will be considered due to reasonable cause where the taxpayer "exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time."  26 C.F.R. § 301.6651-1(c).  In determining whether the taxpayer was unable to file or pay despite taking ordinary business care and prudence, the Bankruptcy Court considers "all facts and circumstances of the taxpayer's financial situation."  *Id.*[1]  The "elements" that must be present to constitute reasonable cause is a question of law, while the case-by-case determination of whether these elements are present is a question of fact.  *Boyle*, 469 U.S. at 249 n.8, 105 S. Ct. 687;  *see also Nesse v. Internal Revenue Serv.*, 305 B.R. 645, 647 (D.Md. 2004).  The Court therefore reviews the Bankruptcy Court's determination that Miles failed to demonstrate reasonable cause for his failure to file his returns under the "clearly erroneous" standard.

---

[1] The Internal Revenue Manual provides examples of "sound causes for delay."  Internal Revenue Manual § 1.2.1.3.3 (1970).  These include death or serious illness, unavoidable absence, destruction of records by fire or other casualty, and other situations beyond the control of the taxpayer.  *Id.*

Here, Miles did not file tax returns for tax years 1988 through 2002. During the May 16, 2006 hearing, Miles testified that (1) his niece threw away his W-2 forms for the 1988 tax year, Tr. of 5/16/06 Hrg. at 6:23-7:15; (2) he was unable to get copies of those W-2 statements from the IRS upon request, *id.* at 8:4-7; and (3) he could not obtain copies of his W-2 forms from his employers because he could not recall all of his employers for 1988, *id.* at 8:18-25. The Bankruptcy Court credited these assertions in its oral ruling at the conclusion of the May 16, 2006 hearing. *Id.* at 9:4-13. With respect to his failure to file returns subsequent to 1988, Miles testified that he called the IRS and was told that he could not file subsequent tax returns until he filed a tax return for the 1988 tax year. *Id.* at 7:2-8. Miles further testified that while he was concerned about not being able to pay his taxes, he believed sufficient taxes would be withheld from his wages because he had always received refunds in the past. *Id.* at 9:1-13. However, the Bankruptcy Court determined that it was not "likely [that Miles] was told that he couldn't file for a subsequent year until he filed for a prior year," and concluded that Miles had not "carried his burden of proving that his failure to file the returns in a timely fashion was due to excusable neglect or that there are grounds for abating the penalties." *Id.* at 19:14-20:1.

Miles presents no basis on which the Court could conclude that the Bankruptcy Court's determination was "clearly erroneous," and the Court is certainly not "left with the definite and firm conviction that a mistake has been committed." *In re WPG, Inc.,* 282 B.R. at 68. To the contrary, Miles' failure to file returns for the period 1988 to 2002 in reliance on an alleged statement by the IRS that he could not file subsequent returns until he filed his 1988 return is not demonstrative of the "ordinary business care and prudence" that Miles is required to demonstrate

to establish reasonable cause. *See* 26 C.F.R. § 301.6651-1(c).[2]

      C.     *Miles Cannot Demonstrate a Due Process Violation*

Finally, Miles asserts that the Bankruptcy Court erred in not requiring the IRS to follow its own internal procedures. Miles Br. at 9. Specifically, Miles claims that the IRS did not issue a written response to his initial request for an abatement, which it does "in the ordinary course," and that this failure "constitutes a denial of due process and is grounds for setting aside the agency's action." *Id.* As an initial matter, the Court notes that this argument was never clearly presented to the Bankruptcy Court and thus is not encompassed in the Bankruptcy Court Order from which Miles appeals.

Miles' Objection obscurely states that he "has attempted to resolve these issues with the . . . [IRS] to no avail," but in no way asserts that he believes the IRS' failure to respond in writing to his initial request for abatement constitutes a due process violation. Miles Obj. at 1-2. Nor did Miles actually assert a constitutional claim during the hearings before the Bankruptcy Court. During the April 25, 2006 hearing, Miles' counsel questioned the IRS' witness regarding the procedures the IRS follows in responding to requests for penalty abatement. Tr. of 4/25/06 Hrg. at 17:17-18:8. While the Bankruptcy Specialist who testified at the April 25, 2006 hearing did not handle Miles' initial request for abatement, she testified based on notes provided to her by the bankruptcy adviser who did so that Miles' initial request "was reviewed" and that the bankruptcy adviser "determined it was an informal claim and that he wasn't going to respond in writing. He

---

[2] In its brief on appeal, the IRS also argues that Miles is foreclosed from claiming that he is entitled to a waiver of the estimated tax penalty. IRS Br. at 13. However, as Miles has not raised such an argument, the Court will not address this issue.

did it by a telephone call." *Id.*, Tr. of 4/25/06 Hrg. at 18:22-29:6, 23:23-24:8. The Bankruptcy Specialist further testified that the IRS' conclusion would not have changed even if Miles had made a formal request for abatement. *Id.* at 24:16-18.

At the conclusion of the April 25, 2006 hearing, Miles' counsel stated that Miles' request for abatement:

> was obviously provided to the [IRS] and there was not a written response, nor was there any appeal rights or any sort of written determination as to the basis for the denial, because the [IRS] treated this as, I guess, an informal request although . . . it was actually in writing. And so there's sort of a procedural issue about . . . what should have been considered in the determination by the [IRS] of whether this was appropriate.

*Id.* at 33:1-21. Miles' counsel thus failed to clearly articulate a constitutional claim for a due process violation during the April 25, 2006 hearing. Moreover, the possibility of a due process violation was never raised during the May 16, 2006 hearing, at which Miles testified solely on the issue of reasonable cause.[3] Miles' testimony included no mention whatsoever of his initial request for abatement, nor did Miles' counsel refer to the possibility of a due process violation during his closing argument. Tr. of 5/16/06 Hrg. at 16:13-17:22. Instead, Miles' counsel focused entirely on whether Miles had demonstrated reasonable cause for failing to file his required returns.

As such, to the extent Miles believed his Objection encompassed a claim for a constitutional due process violation, that claim was never presented to the Bankruptcy Court. Moreover, as Miles failed to raise a claim for a due process violation before the Bankruptcy

---

[3] During the May 16, 2006 hearing, Miles was represented by different counsel from the same law firm as represented him at the April 25, 2006 hearing. Tr. of 5/16/06 Hrg. at 3:14-24.

Court, that claim cannot properly be said to be part of the Bankruptcy Court Order on appeal. *See* 28 U.S.C. § 158(a)(1) ("The district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees"). This Court therefore lacks any basis on which to conclude on appeal that the Bankruptcy Court "erred in failing to require the [IRS] to follow its own procedures." Miles Br. at 4.

The Court notes that it is a "black letter principle of appellate review that 'issues and legal theories not asserted at the [trial court] level ordinarily will not heard on appeal.'" *In re Capitol Hill Group*, 313 B.R. 344, 350 (D.D.C. 2004) (citing *Dist. of Columbia v. Air Florida, Inc.*, 750 F.2d 1077, 1084 (D.C. Cir. 1984)). However, even if the Court were to consider Miles' claim that the Bankruptcy Court Order should be reversed because "the IRS' failure to follow its own procedure resulted in a denial of Mr. Mile's [sic] due process," the Court would easily conclude that Miles has not demonstrated a due process violation. As discussed above, no constitutional claim was articulated during the hearings before the Bankruptcy Court; indeed, the words "due process" were never uttered by either party or by the Bankruptcy Court during either hearing. Furthermore, on appeal Miles' argument in support of his due process claim consists of a single paragraph in his brief, in which he asserts that the IRS' "lack of a written response with a basis for denial constitutes a denial of due process." Miles Br. at 9.

Miles argues that the Fifth Circuit has recognized that "the IRS's failure to follow to follow [sic] an internal procedure can be the basis for a cause of action if the failure to follow a procedure results in a constitutional violation." *Id.* (citing *Oxford Capital Corp. v. United States*, 211 F.3d 280, 285 (5th Cir. 2000)). *Oxford Capital* does indeed support this proposition, but also notes that "[a]s a general rule, the internal operating procedures of the IRS as described in

13

the Internal Revenue Manual do not create rights in the taxpayer and thus a violation of these procedures does not establish a cause of action for the taxpayer." *Oxford Capital*, 211 F.3d at 285 n.3. Here, Miles has proffered absolutely no evidence from which the Court could conclude that a constitutional violation occurred. Miles does not identify the "internal procedure" that the IRS allegedly violated by orally denying Miles' initial request for a penalty abatement. Nor has Miles identified either a liberty or property interest of which he was deprived by the IRS' alleged failure to follow internal procedures. *See Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S. Ct. 893, 901, 47 L. Ed. 2d 18 (1976) ("Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment."); *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569-570, 92 S. Ct. 2701, 2705, 33 L. Ed. 2d 548 (1972) ("The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property.").

      Moreover, the Court's own review of the Internal Revenue Manual reveals that a "request for reconsideration of an unpaid assessment will be considered if . . . [t]he taxpayer requests *in writing* the abatement of an assessment based on enclosed information that was not previously considered which, if timely submitted, would have resulted in a change to the assessment." Internal Revenue Manual § 1.2.1.3.16. Here, Miles has presented no evidence whatsoever – other than his attorney's unsupported assertion during the April 25, 2006 hearing – that he filed a written request for a penalty abatement, and has not attempted to rebut the IRS' claim that his was an "informal" request, *see* IRS Br. at 14. As such, Miles has altogether failed to either articulate a claim for a constitutional violation or to present evidence from which the Court could

conclude that such a violation occurred.

## IV:  CONCLUSION

For the foregoing reasons, the Court shall affirm the Bankruptcy Court's May 25, 2006 Order denying Miles' Objection to the IRS' Proof of Claim.

Date:   March 15, 2007

                                                        /s/
                                                    COLLEEN KOLLAR-KOTELLY
                                                    United States District Judge